# THE UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KELLY PAGIDAS, M.D.,<br><br>　　Plaintiff,<br>v.<br><br>JOHN BUSTER, M.D.,<br><br>　　Defendant. | C.A. No. |

## NOTICE OF REMOVAL

TO:　The Honorable Judges of the
　　　United States District Court
　　　District of Rhode Island

　　　Petitioner, and Defendant in the action described herein, John E. Buster, M.D., states:

　　　1.　　Petitioner desires to exercise his rights under the provisions of 28 U.S.C. § 1441 to remove the action now pending in Providence County Superior Court, State of Rhode Island under the name and style, *Kelly Pagidas, M.D. v. John Buster, M.D.*, C.A. No. PC-2016-2533, to this Court.

　　　2.　　On June 1, 2016, Plaintiff Kelly Pagidas, M.D. filed a Complaint initiating the above-referenced action in Providence County Superior Court, State of Rhode Island.  Petitioner was served with a copy of the Complaint on June 6, 2016.  A copy of the Complaint is attached hereto as part of Exhibit A, which is a copy of the docket sheet and all documents filed in the state court action, including all process, pleadings, and orders served upon Petitioner in such action.

3. Plaintiff asserts several claims: Count I for Breach of Contract, Count II for Deceit, Count III for Intentional Misrepresentation, Count IV for Conversion, Count V for Promissory Estoppel, Count VI for Unjust Enrichment, and Count VII for Quantum Meruit. Plaintiff seeks an unspecified amount of damages, equitable relief and costs and attorneys' fees. *See* Exhibit A hereto.

4. Plaintiff is an individual who resides in Lincoln, Rhode Island.

5. Petitioner is an individual who resides in Providence, Rhode Island.

6. The above-described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338 as it is a civil action arising under the Constitution, laws, or treaties of the United States and under an act of Congress relating to patents, plant variety protection, copyrights and trademarks and over which no State court shall have jurisdiction. The above-described action is one which may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. § 1441.

7. Specifically, removal is mandated by the doctrines of artful pleading, complete preemption and the Supreme Court's decision in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), and its progeny because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims in the Complaint. For example, Count IV of the Complaint, which sets forth a claim for Conversion, alleges: that Plaintiff "created and owned" various intellectual property described in the Complaint; that "at the time it was created, [Plaintiff] had an ownership interest" in that intellectual property, which she at no time transferred to Petitioner or granted him permission to use; and that Petitioner "without any authorization to do so, . . . appropriated [Plaintiff's]" intellectual property "for his own use"

causing Plaintiff harm and giving rise to a claim for damages. *See* Complaint at ¶¶ 67-73. In so pleading, Plaintiff challenges the inventorship of the underlying intellectual property, which is the subject of United States Patents Nos. US 9,282,995 B2; US 9,216,037 B2 and US 9,247,960 B2, thereby making resolution of a substantial question of federal patent law a necessary element of Plaintiff's claims. Similarly, Plaintiff's Count IV for Unjust Enrichment rests upon her allegation that she conferred benefits to Petitioner "through her numerous technical and intellectual contributions" to the underlying medical device research project. Indeed, Plaintiff generally alleges, and each count in the Complaint incorporates her contentions that, she designed and created intellectual property that has been wrongfully appropriated by Petitioner.[1]

8. This Notice of Removal is filed within thirty (30) days of Petitioner's receipt of the Complaint, and, therefore, it is timely under 28 U.S.C. § 1446(b)(1).

9. Pursuant to 28 U.S.C. § 1446(a), removal to this Court is proper because this Court is the United States District Court for the district and division within which the above-referenced action is pending.

10. Pursuant to 28 U.S.C. § 1446(a), Petitioner includes in Exhibit A copies of all process, pleadings, and orders served upon Petitioner in the above-referenced action.

11. Pursuant to 28 U.S.C. § 1446(d), Petitioner will promptly file a notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit B, with the Clerk, Providence County Superior Court, 250 Benefit Street, Providence, Rhode Island 02886, accompanied by a copy of this Notice of Removal.

---

[1] Plaintiff is party-defendant in a prior pending action concerning inventorship of the subject intellectual property filed on April 26, 2016 in the United States District Court for the Northern District of California by Previvo Genetics, LLC, the owner by assignment of the subject patents, pursuant to 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, Title 35 of the United States Code. *See Previvo Genetics, LLC v. Kelly Pagidas*, C.A. No. 3:16-cv-02261-EMC (N.D. Cal.).

12. Pursuant to 28 U.S.C. § 1446(d), Petitioner will promptly serve a written notice to opposing counsel of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit C, accompanied by a copy of this Notice of Removal.

WHEREFORE, Petitioner John Buster, M.D. prays that the above-referenced action now pending against him in Providence County Superior Court, State of Rhode Island be removed therefrom to this Court.

Respectfully submitted,

/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, Jr. (#1139)
Mary C. Dunn (#6712)
Joseph V. Cavanagh, III (#6907)
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI  02903
Tel:  (401) 831-8900
Fax:  (401) 751-7542
jvc@blishcavlaw.com
mcd@blishcavlaw.com
jvc3@blishcavlaw.com

*Counsel for Petitioner John Buster, M.D.*

Date:  July 6, 2016

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 6, 2016, a true copy of the foregoing Notice of Removal, with accompanying exhibits, was filed electronically using the CM/ECF System and that it is available for viewing and downloading therefrom.  I caused to be served a copy of the foregoing via First Class mail on the attorney for Plaintiff, whose name is James S. Harrington, Esq., at the following address:

James S. Harrington, Esq.
Robins Kaplan, LLP
800 Boylston Street
Suite 2500
Boston, MA  02199

                                                 /s/ Joseph V. Cavanagh, III