# Exhibit A

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back        Location : All Courts   Images  Help

# REGISTER OF ACTIONS
## CASE NO. PC-2016-2533

| Kelly Pagidas, M.D. v. John Buster, M.D. | § § § § § | Case Type: | Breach of Contract |
|---|---|---|---|
| | | Date Filed: | 06/01/2016 |
| | | Location: | |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | Buster, John, M.D. | | JOSEPH V CAVANAGH III, II *Retained* BLISH & CAVANAGH LLP 30 EXCHANGE TERRACE PROVIDENCE, RI 02903 |
| | | | 6175426000(W) |
| **Plaintiff** | Pagidas, Kelly, M.D. | | JAMES S HARRINGTON *Retained* ROBINS KAPLAN LLP 800 BOLYSTON STREET, STE. 2500 BOSTON, MA 02199 |
| | | | 6178592730(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 06/01/2016 | Complaint Filed | | |
| 06/01/2016 | Summons | | |
| 06/01/2016 | Summons | | |
| | Buster, John, M.D. | Served | 06/06/2016 |
| 06/10/2016 | Summons Returned Served | | |
| 06/24/2016 | Entry of Appearance | | |
| 06/24/2016 | Entry of Appearance | | |
| 06/24/2016 | Entry of Appearance | | |
| 06/27/2016 | Stipulation Filed Extension of Time | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Pagidas, Kelly, M.D. | | | |
| Total Financial Assessment | | | 180.75 |
| Total Payments and Credits | | | 180.75 |
| Balance Due as of 07/06/2016 | | | 0.00 |
| 06/01/2016 Transaction Assessment | | | 180.75 |
| 06/01/2016 Electronic Payment | Receipt # SCP-2016-003442 | Pagidas, Kelly | (180.75) |



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### BUSINESS CALENDAR CASE OPENING SHEET

**Case Number:**

| PLAINTIFF(S):<br>KELLY PAGIDAS, M.D. | DEFENDANT(S):<br>JOHN BUSTER, M.D. |
|---|---|
| **Plaintiff's Counsel** (if more than one, supply information for each):<br>Name: James S. Harrington<br>Address: Robins Kaplan LLP, 800 Boylston Ave., Boston MA 02199<br>Telephone Number: (617) 267-2300 | **Defendant's Counsel** (if more than one, supply information for each):<br>Name:<br>Address:<br>Telephone Number: |
| Name: David Leichtman<br>Address: Robins Kaplan LLP, 601 Lexington Ave., New York, NY 10022<br>Telephone Number: (212) 980-7442 | Name:<br>Address:<br>Telephone Number: |

**NATURE OF PROCEEDING** – Check the applicable case type under main categories listed below (check only one).

- ☑ Breach of contract or fiduciary duties, fraud, misrepresentation, business tort, or statutory violations.
- ☐ Transactions governed by the provisions of the Uniform Commercial Code.
- ☐ Complicated transactions involving commercial real property.
- ☐ Shareholder derivative actions.
- ☐ Commercial class actions.
- ☐ Commercial bank transactions.
- ☐ Matters affecting the internal affairs or governance of business organizations or entities.
- ☐ Business insolvencies and receiverships.
- ☐ Other (generally describe nature) _____
  _____

| | | |
|---|---|---|
| Have there been efforts at mediation? | ☐ Yes | ☑ No |
| Have there been efforts at arbitration? | ☐ Yes | ☑ No |
| Other dispute resolution mechanisms? | ☐ Yes | ☑ No |

Is this a case that may require a trial for resolution? ☑ Yes  If yes: ☑ Jury or ☐ Non-jury  ☐ No

If this is an existing case, what is the present status?
☐ Motion to Dismiss   ☐ Summary Judgment   ☐ Discovery   ☐ Awaiting assignment for trial

The undersigned requests assignment to the Business Calendar.

/s/ James S. Harrington
_____
Attorney for ☑ Plaintiff ☐ Defendant

Date: June 1, 2016 _____   Rhode Island Bar Number 7126 _____

The above case may be placed on the Business Calendar /s/ _____
Associate Justice

Superior-28 (revised November 2014)

Case Number: PC-2016-2533
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2016 9:36:28 AM
Envelope: 627858
Reviewer: Lynn Gaulin

PC2016-25331:6-cv-00390-S-PAS    Document 1-1    Filed 07/06/16    Page 4 of 30 PageID #: 9

STATE OF RHODE ISLAND                              SUPERIOR COURT
PROVIDENCE, SC.

KELLY PAGIDAS, M.D.,               :
    *Plaintiff*,                    :          C.A. No. PC16-
                                   :
    vs.                            :
                                   :
JOHN BUSTER, M.D.,                 :
    *Defendant*.                   :

## COMPLAINT

### PARTIES

1.    Plaintiff Kelly Pagidas, M.D. ("Dr. Pagidas"), is an individual residing at 9 Jason Drive, Lincoln, Rhode Island 02865.

2.    Upon information and belief, Defendant John Buster, M.D. ("Dr. Buster"), is an individual residing at #1 W. Exchange Street #2604, Providence, RI 02903, with a place of employment at Women and Infants Hospital of RI, 101 Dudley Street, Providence, RI 02905.

### FACTS

3.    In assisted reproduction technologies, physicians or technicians use special tools to manipulate unfertilized and fertilized eggs produced by a woman's ovary for a variety of procedures related to fertility and assisted reproduction, for example, recovering embryos from a woman's uterus before implantation.

4.    A device called a uterine lavage catheter ("ULC") had been developed by John A. Louw ("Mr. Louw") in the early- to mid-1980s to assist with such assisted reproduction methods (referred to herein as the "Louw Catheter").

5.    A March 2, 1984 publication in the Journal of the American Medical Association entitled, "Nonsurgical Ovum Transfer as a Treatment in Infertile Women," reports a summary of

the initial clinical trial using the Louw Catheter as part of a therapeutic method for treating human female infertility. Mr. Louw was one of ten co-authors on that paper, as was the defendant, Dr. Buster.

6.   Mr. Louw is the sole inventor named on now-expired U.S. Patent No. 4,533,345, assigned to Fertility & Genetics Associates of Chicago, Illinois. Mr. Louw was a chief scientist at a medical technology company called Fertility and Genetics Research, Inc., which manufactured the Louw Catheter. Upon information and belief, Fertility and Genetics Research, Inc. is no longer in business, and no longer manufactures the Louw Catheter.

7.   Upon information and belief, on or around 2010, Dr. Buster desired to reactivate the use of the Louw Catheter device, and started a project to try to identify new applications for those old devices.

8.   Dr. Pagidas first met Dr. Buster when both were surgeons working in the in-vitro fertilization area at Brown University's Warren Alpert Medical School ("Brown") in 2007.

9.   In the Spring of 2011, Dr. Buster approached Dr. Pagidas about working on a project to create new applications for the Louw Catheter.

10.   Dr. Buster told Dr. Pagidas those new applications for the Louw Catheter would be developed outside the auspices of Brown.

11.   Dr. Pagidas' understanding at the time was that Dr. Buster started his own company, which on information and belief, was called "Progeny," to act as a vehicle for this effort to modernize the Louw Catheter.

12.   In the Spring of 2011, Dr. Buster explained to Dr. Pagidas that he was having difficulty with the project to modernize the Louw Catheter, and needed to overcome shortcomings that were seen with the earlier device in order for it to work clinically (the "ULC

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 6 of 30 PageID #: 11

Project"). At the time, he had some rudimentary drawings to alter the device for modern practice, but his work had not advanced beyond that stage.

13.     Dr. Buster told Dr. Pagidas that he was impressed with her knowledge and skill set with IVF stimulation regimens, ultrasound and preimplantation genetic diagnosis ("PGD") technology. At the time, Dr. Pagidas had been the PGD Medical director at Brown since 2000.

14.     To induce Dr. Pagidas to work on the ULC Project, Dr. Buster told Dr. Pagidas in 2011 that he was going to make her an important part of his new company to exploit the new ULC and its applications.

15.     Dr. Buster represented to Dr. Pagidas that he had the authority to make her part of the project with the goal of attaining a key leadership role within the company such as Principal Investigator and/or Chief Scientific Officer.

16.     Dr. Buster represented to Dr. Pagidas that her new role would evolve into becoming the Chief Scientific Director/Officer of the new company as well as provide her with a significant amount of money and stock beyond her usual consulting rates if she assisted him with the ULC Project.

17.     In reliance on Dr. Buster's word and promises, which he repeatedly said was "gold," Dr. Pagidas agreed to work on the ULC Project.

18.     Dr. Pagidas' normal consulting rate for work outside of her clinical practice during the relevant period was $450.00 per hour.

19.     Dr. Pagidas contributed significantly to the ULC Project.

20.     Indeed, Dr. Buster repeatedly told people at various medical institutions in Rhode Island that the ULC Project could not proceed without Dr. Pagidas.

3

21.     During 2011 (until May 2015), Dr. Buster and Dr. Pagidas, during hours spent outside of their employment at Brown or elsewhere, evaluated the clinical efficacy of the Louw Catheter, and Dr. Pagidas designed changes to the device and the methodology for using it that lead to an improved ULC.

22.     Specifically, Dr. Pagidas proposed ways to alter several important features of the Louw Catheter to make the device more effective, including a redesign that enhanced safety and minimized the risk of retained embryos.

23.     Dr. Pagidas designed a modification the Louw Catheter to incorporate an acorn-shaped seal at the end of the device to be inserted at the junction of the inner and outer cervix of a patient. The Louw Catheter had no external cervical seal at all, which led to leakage and loss during embryo recovery operations, and Dr. Buster's drawings prior to Dr. Pagidas' involvement did not include a seal or any other method to solve this problem.

24.     Dr. Pagidas also designed ways that the improved ULC should be used, and devised protocols for its use in recovering human embryos in vivo.

25.     Dr. Pagidas designed a mechanism for controlling fluid flow dynamics through the cervix in the improved ULC device that used a perforated tube of flexible material. By designing a detachable tip to the catheter, specifying the location, number and size of the holes (or "ports"), and the length and malleability of the tips, Dr. Pagidas modernized and improved the Louw Catheter.

26.     In contrast, Dr. Buster's drawings for the updated ULC used a stiff tube and cage which led to a very low embryo retrieval rate. Dr. Buster's unsuccessful design was also dangerous to patients because embryos could be retained within the uterus and/or flushed into the patient's fallopian tubes, causing ectopic pregnancies.

4

27.     In addition to the acorn-shaped seal and mechanism for fluid dynamics control, Dr. Pagidas devised the dosing and sequence of the regimen to be used by patients with the ULC, and developed all the clinical protocols to be followed when using the device.

28.     Dr. Pagidas created a stimulation protocol that would optimize follicular recruitment and intrauterine insemination, without compromising the endometrial dynamics, fertilization and in vivo development of embryos.

29.     Dr. Pagidas designed a natural cycle protocol in an attempt to mimic the natural process of monofollicular development to create a single in vivo embryo, that, when successfully extracted with the ULC device, would avoid the risk of retained embryos, as only a single embryo would be created in vivo.

30.     In addition, Dr. Pagidas designed a protocol to use a gonadotropin-releasing hormone ("GnRH") antagonist after the extraction process that would induce "luteolysis," the involution of the corpus luteum after embryo extraction. Dr. Pagidas' GnRH antagonist protocol for luteolysis minimized the risk of pregnancy if any embryos were retained in the uterus with the use of the ULC device.

31.     Years earlier, in approximately 2003, Dr. Pagidas designed a similar GnRH antagonist protocol for a different purpose. Specifically, Dr. Pagidas used a GnRH antagonist to induce regression of luteal ovarian cysts in patients prior to initiating an IVF cycle. Dr. Pagidas had also independently determined that women at risk for ovarian hyperstimulation who required luteolysis to offset such risk could benefit from GnRH antagonist therapy.

32.     Dr. Pagidas had been very familiar with GnRH antagonist therapy, and in fact had been using it clinically for years before disclosing it to Dr. Buster in approximately 2008-2009.

5

Case Number: PC-2016-2531
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2016 9:36:28 AM
Envelope: 627858
Reviewer: Lynn Gaulin

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 9 of 30 PageID #: 14

33. The GnRH antagonist protocol for ovarian hyperstimulation was not published until approximately 2012.

34. Prototypes of Dr. Pagidas' redesigned ULC device were manufactured in early-mid 2013 and 2014, under Dr. Pagidas' direction.

35. Dr. Pagidas' redesigned ULC enabled recovery of in vivo-created and -derived embryos without surgery through a process referred to as Non-Surgical Uterine Lavage.

36. Throughout 2011, 2012, 2013 and 2014, and the first half of 2015, Dr. Pagidas spent at least 994 hours on the ULC Project outside of Brown or any of her other employment at other institutions where she worked as a surgeon and teacher.

37. Notwithstanding his earlier formation of Progeny, on information and belief, in 2012, Dr. Buster apparently formed a second company with his brother Mr. Steve Buster and others, called Previvo Genetics ("Previvo").

38. In reliance on the promises of Dr. Buster that she would be named the Chief Scientific Officer and would receive stock and compensation beyond her usual consulting rate, Dr. Pagidas participated in weekly planning meetings, regulatory submission meetings, Scientific Advisory Board ("SAB") meetings, clinical strategy and planning meetings, and intellectual property meetings with other employees and consultants of Previvo. She did so primarily from her Rhode Island home, and not during any business hours of her regular employment.

39. Dr. Buster told Dr. Pagidas that her contributions to the ULC Project would be recognized by her being named a lead author on published scientific papers and presentations that the company was planning with her guidance.

40.     All of Dr. Pagidas' time spent on the ULC Project was performed outside of her clinical practice and teaching responsibilities at various institutions, including Brown, Women & Infants Hospital of Rhode Island, and Tufts University.

41.     Although certain Previvo clinical trial work has been performed by institutions where Dr. Pagidas worked, that work is not included in the 994 hours she spent on the design of the ULC device and protocols for the ULC Project.

42.     On information and belief, Previvo commenced a study at one of the institutions where Dr. Pagidas worked, Women's and Infants Hospital, called the Previvo 03 Study. However, Dr. Pagidas was not the Principal Investigator conducting and executing the Previvo 03 Study in her capacity as an employee of that institution, nor did she receive any compensation for the work performed on it.  Instead, the compensation provided by Previvo for the conduct of the Previvo 03 Study at Women and Infants Hospital was assigned and credited to a different physician.

43.     Unbeknownst to Dr. Pagidas, Dr. Buster purported to assign his rights in his own contributions to the ULC device to Previvo, as well as Dr. Pagidas' rights, which she did not authorize him to do.

44.     Dr. Buster has not lived up to his promises.  To this date, Dr. Pagidas has not been compensated at all for her work on the ULC Project, has not been named as the principal author for most of her work, has not been named as Chief Scientific Officer of Previvo, and has not received stock in Previvo.

7

## COUNT I

### *Breach of Contract*

45.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.     A valid and binding agreement existed between Dr. Pagidas and Dr. Buster at least as of Spring 2011.

47.     The agreement required Dr. Pagidas to assist in the design of an improved ULC device capable of manipulating embryos without surgery, the development of protocols for the clinical use of the ULC device.

48.     In exchange for her performance, Dr. Buster promised to compensate Dr. Pagidas with money and stock in the company he was forming, in addition to other reputational benefits such as lead author recognition, Principal Investigator, and the role of Chief Scientific Officer in the company he was forming.

49.     Dr. Pagidas performed substantially by undertaking several acts and contributing her intellectual capital and time, as described above.

50.     Dr. Pagidas' performance included over 994 hours of time from 2011 through 2015, for which she was not compensated through any other employment relationship.

51.     Despite the clear understanding between the parties, and the clear expectation from Dr. Pagidas that she would be a part of Previvo, Dr. Buster failed to cause her to be compensated or credited as he promised.

52.     Dr. Pagidas has tried repeatedly to remedy the situation, but efforts to resolve the matter have been unsuccessful.

53.     Dr. Buster's failure to perform according to his agreement with Dr. Pagidas constitutes a material breach that has resulted in significant consequential damages to Dr. Pagidas.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

      (a) an award of monies for all damages sustained by Plaintiff as a result of Defendant's failure to perform as agreed to in the valid, binding contract formed with Plaintiff;

      (b) an award of costs attorney's fees for the prosecution and collection of any judgment; and

      (c) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT II

### *Deceit*

54.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.     Defendant repeatedly made a false representation that he would include Dr. Pagidas in business plans that ultimately included Previvo.

56.     At the time he made those representations, Defendant had knowledge that the representations were false.

57.     Defendant made the false representation with the intent to deceive Dr. Pagidas.

58.     In reliance on the false representation, Dr. Pagidas was in fact deceived into performing substantially according to an agreement she made with Defendant to advance product and treatment development of the ULC project.

9

Case Number: PC-2016-25336
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2016 9:36:28 AM
Envelope: 627858
Reviewer: Lynn Gaulin

cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 13 of 30 PageID #: 18

59.     Dr. Pagidas has suffered significant consequential damages as a result of her performance—performance that Defendant's fraudulent statements induced and that would not have taken place but for Defendant's deceit.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

> (a) an award of monies for all damages sustained by Plaintiff as a result of Defendant's failure to perform as agreed to in the valid, binding contract formed with Plaintiff;
>
> (b) an award of costs and attorney's fees for the prosecution and collection of any judgment; and
>
> (c) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT III

### *Intentional Misrepresentation*

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     Defendant stated that in exchange for Dr. Pagidas' continued participation in the ULC project, she would be compensated in the manner described above.

62.     Defendant's statements were false representations.

63.     By making the false representations, Defendant intended to deceive Dr. Pagidas into believing that her continued efforts would result in her participation in a commercial venture relating to the subject matter of her labor and various intellectual contributions.

64.     Defendant made the false representations intending that Dr. Pagidas rely on the representations, hoping to extract more contribution and continued work from her, all the while never intending to include her in any commercial plans relating to the subject matter of her contributions.

10

65.    Dr. Pagidas did in fact rely on Defendant's false representations, and did in fact continue to perform for several years, contributing valuable information and know-how to Defendant, contributions that eventually inured to his benefit and the benefit of others and to the exclusion of Dr. Pagidas.

66.    As a result of Dr. Pagidas' reliance on Defendant's false representations, Dr. Pagidas suffered considerable damages and loss of reasonable economic expectancies.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

(a) an award of monies for all damages sustained by Plaintiff as a result of Defendant's failure to perform as agreed to in the valid, binding contract formed with Plaintiff;

(b) an award of costs and attorney's fees for the prosecution and collection of any judgment; and

(c) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT IV

### *Conversion*

67.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68.    By virtue of her independent thought and experience, Dr. Pagidas created and owned various information and procedures as described above.

69.    At the time it was created, Dr. Pagidas had an ownership interest in that information and those procedures.

70.    At no time did Dr. Pagidas transfer her ownership interest in that information and those procedures to Dr, Buster or any other person or entity.

11

71.     At no time did Dr. Pagidas grant anyone, including Defendant, permission to use the information and procedures that she created and owned.

72.     Without any authorization to do so, Defendant appropriated Dr. Pagidas' information and procedures for his own use.

73.     As a result of Defendants' actions, Dr. Pagidas has been irreparably harmed and has suffered significant consequential damages as a result of her performance to obtain the information and procedures that Defendant converted for his own purposes.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

(a) an award of monies for all damages sustained by Plaintiff as a result of Defendant's failure to perform as agreed to in the valid, binding contract formed with Plaintiff;

(b) an award of costs and attorney's fees for the prosecution and collection of any judgment; and

(c) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT V

### *Promissory Estoppel*

74.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

75.     Defendant promised Dr. Pagidas that, in exchange for her continued contributions to the ULC project, he would include her in future business plans relating to technology they developed, including but not limited to involving her in any business opportunity that arose from their cooperation.

76.     In reliance on Defendant's promise, Dr. Pagidas continued to contribute valuable intellectual and technical input to Defendant's ongoing activities.

12

Case Number: PC-2016-2536
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2016 9:36:28 AM
Envelope: 627858
Reviewer: Lynn Gaulin

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 16 of 30 PageID #: 21

77.     As a direct result of her reliance on Defendant's promise, Dr. Pagidas has not been adequately compensated for the tremendous amount of time and resources she expended in undertaking the activities Defendant's promise induced.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

> (a) an award of monies for all damages sustained by Plaintiff as a result of Defendant's failure to perform as agreed to in the valid, binding contract formed with Plaintiff;
>
> (b) an award of costs and attorney's fees for the prosecution and collection of any judgment; and
>
> (c) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT VI

### *Unjust Enrichment*

78.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

79.     Dr. Pagidas conferred considerable and measurable benefits to Defendant through her numerous technical and intellectual contributions to the ongoing ULC project.

80.     Defendant appreciated the benefits actually provided by Dr. Pagidas and continued to show appreciation for those benefits by promising Dr. Pagidas that she would be included in future business opportunities as a result of her continued contributions.

81.     Defendant knew or should have known that Defendant would be expected to compensate any consultant or technical expert for the professional technical services like those rendered by Dr. Pagidas, and that a consultant or technical expert would not offer those services without any consideration unless specifically agreed to otherwise.

82.     Dr. Pagidas never offered to provide Defendant with free services of any kind.

13

83.     It is inequitable for Defendant to retain the considerable economic benefit obtained in part as a result of Dr. Pagidas' technical and intellectual contributions.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award the following relief:

> (a) judgment that Defendant should specifically perform according to the agreement reached with Dr. Pagidas of participation in business ventures relating to the subject matter of her technical and intellectual contributions;
>
> (b) judgment that Defendant should compensate Dr. Pagidas to the extent that Defendant benefitted from Dr. Pagidas' technical and intellectual contributions;
>
> (c) judgment that Dr. Pagidas is entitled to recovery in quantum meruit for the fair value of her services to Defendant, and that Defendant should pay at least that amount to Dr. Pagidas;
>
> (d) an award of costs and attorney's fees for the prosecution and collection of any judgment; and
>
> (e) any and all relief this Honorable Court deems to be just and appropriate.

## COUNT VII

### *Quantum Meruit*

84.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

85.     Dr. Pagidas conferred considerable and measurable benefits to Defendant through her numerous technical and intellectual contributions to the ongoing ULC project.

86.     Defendant appreciated the benefits actually provided by Dr. Pagidas and continued to show appreciation for those benefits by promising Dr. Pagidas that she would be included in future business opportunities as a result of her continued contributions.

87.     Defendant knew or should have known that Defendant would be expected to compensate any consultant or technical expert for the professional technical services like those

14

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 18 of 30 PageID #: 23

rendered by Dr. Pagidas, and that a consultant or technical expert would not offer those services

without any consideration unless specifically agreed to otherwise.

88.     Dr. Pagidas never offered to provide Defendant with free services of any kind.

89.     It is inequitable for Defendant to retain the considerable economic benefit

obtained in part as a result of Dr. Pagidas' technical and intellectual contributions.

WHEREFORE, Plaintiff, Dr. Kelly Pagidas, hereby prays that this Honorable Court award

the following relief:

(a) judgment that Defendant should specifically perform according to the agreement
reached with Dr. Pagidas of participation in business ventures relating to the
subject matter of her technical and intellectual contributions;

(b) judgment that Defendant should compensate Dr. Pagidas to the extent that
Defendant benefitted from Dr. Pagidas' technical and intellectual contributions;

(c) judgment that Dr. Pagidas is entitled to recovery in quantum meruit for the fair
value of her services to Defendant, and that Defendant should pay at least that
amount to Dr. Pagidas;

(d) an award of costs and attorney's fees for the prosecution and collection of any
judgment; and

(e) any and all relief this Honorable Court deems to be just and appropriate.

15

Case Number: PC-2016-2516
Filed in Providence/Bristol County Superior Court
Submitted: 6/1/2016 9:36:28 AM
Envelope: 627858
Reviewer: Lynn Gaulin

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 19 of 30 PageID #: 24

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

By: ROBINS KAPLAN LLP

James S. Harrington (RI Bar #7126)
800 Boylston Street, Suite 2500
Boston, MA  02199
617-267-2300

David Leichtman (*pro hac vice* to be filed)
Matthew B. McFarlane (*pro hac vice* to be filed)
601 Lexington Avenue, Suite 3400
New York, NY 10022
212-980-7400

Counsel for Plaintiff Kelly Pagidas, M.D.

Dated: June 1, 2016

16

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | | Civil Action File Number |
| --- | --- | --- |
| | | PC-2016-2533 |
| **Plaintiff** | | **Attorney for the Plaintiff or the Plaintiff** |
| Kelly Pagidas, M.d. | | James S Harrington |
| v. | | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | | ROBINS KAPLAN LLP |
| John Buster, M.d. | | 800 BOLYSTON STREET STE 2500 |
| | | BOSTON MA  02199 |
| Licht Judicial Complex | | **Address of the Defendant** |
| Providence/Bristol County | | #1 W Exchange Street #2604 |
| 250 Benefit Street | | Providence RI  02903 |
| Providence RI  02903 | | |
| (401) 222-3250 | | |

**TO THE DEFENDANT, John Buster, M.D.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/1/2016. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Kelly Pagidas, M.d. | PC-2016-2533 |
| v. | |
| **Defendant** | |
| John Buster, M.d. | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, John Buster, M.D., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given
   as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $_____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE
NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or   ☐   proved   to   the   notary   through   satisfactory   evidence   of   identification,   which   was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                                        Notary Public: _____
                                        My commission expires: _____
                                        Notary identification number: _____

Page 2 of 2



SC-CMS-1 (revised July 2014)

Case Number: PC-2016-2533
Filed in Providence/Bristol County Superior Court
Submitted: 6/10/2016 2:02:06 PM
Envelope: 641502
Reviewer: Carol Graziano

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 24 of 30 PageID #: 29

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2016-2533 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Kelly Pagidas, M.d. | James S Harrington |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | ROBINS KAPLAN LLP |
| John Buster, M.d. | 800 BOLYSTON STREET STE 2500 |
| | BOSTON MA 02199 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | #1 W Exchange Street #2604 |
| 250 Benefit Street | Providence RI 02903 |
| Providence RI 02903 | |
| (401) 222-3250 | |

**TO THE DEFENDANT, John Buster, M.D.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/1/2016. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Filed in Providence/Bristol County Superior Court
Submitted: 6/10/2016 2:02:06 PM
Envelope: 641502
Reviewer: Carol Graziano

Case Number: PC-2016-2533
Filed in Providence/Bristol County Superior Court
Submitted: 6/10/2016 2:02:06 PM
Envelope: 641502
Reviewer: Carol Graziano



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Kelly Pagidas, M.d. | PC-2016-2533 |
| v. | |
| **Defendant** | |
| John Buster, M.d. | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, John Buster, M.D., by delivering or leaving said papers in the following manner:

☒ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: __6_ / __6_ / __16_       SERVICE FEES _____
Month   Day   Year

JOHN N. LESSARD
SUPERIOR COURT
CONSTABLE #130

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Signature of
John Buster, M.D.

Page 2 of 2

SC-CMS-1 (revised July 2014)

Note: service was made at 6-6-16 @ 11:47 Am
Defendant's place of Employment at:
Center of Reproduction and Infertility at 90 Plain st. Providence, R.I.

Case 1:16-cv-00390-S-PAS   Document 1-1   Filed 07/06/16   Page 28 of 30 PageID #: 33

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

☑ SUPREME COURT    ☐ SUPERIOR COURT    ☐ FAMILY COURT    ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division    ☐ Washington County or Fourth Division
☐ Kent County or Third Division  ☐ Newport County or Second Division

| **Plaintiff** Kelly Pagidas, M.D. | **Civil Action File Number** PC-2016-2533 |
|---|---|
| **Defendant** John Buster, M.D. | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent
John Buster, M.D.                                                                 .

/s/ Joseph V. Cavanagh, Jr.                              1139
  Attorney Name or Self-represented Litigant           Rhode Island Bar Number

Blish & Cavanagh, LLP, 30 Exchange Terrace, Providence, RI  02903
Address

(401) 831-8900
Telephone Number                                         Cell Telephone Number

jvc@blishcavlaw.com
Email Address

June 24, 2016
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the 24th  day of June                       , 20 16 :
☑ I filed and served this document through the electronic filing system on the following parties:
James S. Harrington, Esq., 800 Boylston Street, Ste. 2500, Boston, MA  02199             .
The document electronically filed and served is available for viewing and/or downloading from the
Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
                                                                                 .
The document electronically served is available for viewing and/or downloading from the Rhode
Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the
opposing party if self-represented, whose name is                                          
at the following address                                                              .

                              /s/ Joseph V. Cavanagh, Jr.
                              Name

CC-11 (revised October 2014)

Case Number: PC-2016-2533
Filed in Providence/Bristol County Superior Court
Submitted: 6/24/2016 10:44:29 AM
Envelope: 657898
Reviewer: Alexa Goneconte

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

☑ SUPREME COURT    ☐ SUPERIOR COURT    ☐ FAMILY COURT    ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division    ☐ Washington County or Fourth Division
☐ Kent County or Third Division    ☐ Newport County or Second Division

| **Plaintiff** | **Civil Action File Number** |
| Kelly Pagidas, M.D. | PC-2016-2533 |
| **Defendant** | |
| John Buster, M.D. | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent
John Buster, M.D.
_____.

/s/ Joseph V. Cavanagh, III                                6907
Attorney Name or Self-represented Litigant        Rhode Island Bar Number

Blish & Cavanagh, LLP, 30 Exchange Terrace, Providence, RI  02903
Address

(401) 831-8900
Telephone Number                                              Cell Telephone Number

jvc3@blishcavlaw.com
Email Address

June 24, 2016
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the  24th   day of  June                              , 20 16  :
☑ I filed and served this document through the electronic filing system on the following parties:
James S. Harrington, Esq., 800 Boylston Street, Ste. 2500, Boston, MA  02199
                                                                                                                .
The document electronically filed and served is available for viewing and/or downloading from the
Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____
The document electronically served is available for viewing and/or downloading from the Rhode
Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the
opposing party if self-represented, whose name is _____
at the following address _____.

                                                /s/ Joseph V. Cavanagh, III
                                                Name

CC-11 (revised October 2014)

Case Number: PC-2016-2533
Filed in Providence/Bristol County Superior Court
Submitted: 6/27/2016 10:19:45 AM
Envelope: 659573
Reviewer: Alexa Goneconte

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

KELLY PAGIDAS, M.D.,                          :
            Plaintiff,                        :
                                             :
     v.                                      :       C.A. No. PC-2016-2533
                                             :
JOHN BUSTER, M.D.,                           :
            Defendant.                       :
                                             :

## STIPULATION

It is hereby agreed that defendant, John Buster, M.D., may have up to and including July

25, 2016 to answer or otherwise respond to plaintiff's Complaint.

Plaintiff,                                    Defendant,
Kelly Pagidas, M.D.                           John Buster, M.D.

By her Attorneys,                             By his Attorneys,

/s/ James S. Harrington                       /s/ Joseph V. Cavanagh, III
James S. Harrington (#7126)                   Joseph V. Cavanagh, Jr. (#1139)
Robins Kaplan, LLP                            Joseph V. Cavanagh, III (#6907)
800 Boylston Street                           Blish & Cavanagh, LLP
Suite 2500                                    30 Exchange Terrace
Boston, MA  02199                             Providence, RI  02903
Telephone:  (617) 267-2300                    Telephone:  (401) 831-8900
                                              jvc@blishcavlaw.com
                                              jvc3@blishcavlaw.com

Dated:  June 27, 2016